IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
         v.                 )     Criminal No. 09-232
                            )
ORONDE SHELTON              )
      a/k/a Man             )

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Gregory J. Nescott, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin From in and around December 2006, and continuing thereafter to in and around October 2008 | 21 U.S.C. § 846 |

FILED
09 JUL 22 PM 2:04

## II.  ELEMENTS OF THE OFFENSE

In order for the crime of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2.    That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3.    That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

4.    That the conspiracy had the specific unlawful purpose of distributing and/or possessing with intent to distribute one kilogram or more of heroin.  21 U.S.C. § 841(b)(1)(A)(i).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III.  PENALTIES

Conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin (21 U.S.C. § 846):

1.  A term of imprisonment of not less than ten (10) years to a maximum of life.

2.  A fine not to exceed $4,000,000.

3.  A term of supervised release of at least five (5) years.

For a second felony drug conviction that is final, whether federal, state, or foreign:

1.  A term of imprisonment of not less than twenty (20) years to a maximum of life.

2.  A fine not to exceed $8,000,000.

3.  A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.  A mandatory sentence of life imprisonment.

2.  A fine not to exceed $8,000,000.

IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

V.  RESTITUTION

Not applicable in this case.

VI.  FORFEITURE

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

GREGORY J. NESCOTT
Assistant U.S. Attorney
PA ID No. 27331

4